all right and you are miss miss is it pronounced Jarman or Jarman you may proceed this case began with a seven count indictment mr. Church was accused indicted for several sex crimes mr. Church went through the rule 11 colloquially with the district court and afterwards he filed a motion to withdraw his guilty plea it's our contention that under the car factors set out by this court the district court abused his discretion in denying mr. Church his request to withdraw the guilty plea the there are seven car factors that this court set out number one before you just go through the list so there is no argument of sentencing error and there is no argument of prosecutorial misconduct breach this is just a straightforward car your argument is there was a just and fair reason that you should have been able to withdraw the guilty plea is that correct the argument is that the prosecutor suggested during the plea that there would be a 30 it would the total offense level for count one would be a 30 so there was some confusion there and the clear to the district court that it was prosecuting under four counts two three and four under 1591 b2 which would have set the offense level at 30 but am I right that I mean the the only count that seems implicated by this confusion is count one because that's the only one there was reference to be one the force enhancement we're talking about count one disagree with me if you do because I substantive counts were all we're talking about all counts because in his motion to withdraw and in his argument before the district court mr. Church argues that he did not understand what he was pleading guilty to at the at the at the plea right I know it that that that was sort of a confused dialogue but and I don't see how that would fit into any of the car factors disagree if you do what was difficult and confuse the rearrangement was that the government interjected and said we want to clarify something orally count one which says it's a 1594 conspiracy plea to violate 1591 he then said but not the force enhancement right and I I believe that that that is where some confusion came into the other counts as well because mr. mr. Church you know a lay person of course I think that the whole argument there confused him in terms of the counts I don't want to ask too many questions I do have one do you have a car case where there's no dispute about the knowing involuntary plea to an offense 1591 but there is confusion about agreement to end a penalty enhancement because b1 is only a penalty enhancement right it's not a separate offense so he pled knowingly to the conspiracy and this is how I see it so disagree conspiracy count one each substantive act but there was confusion about should he get enhanced to a level 34 instead of a level 30 and I'm wondering can you get out of a plea because you're not clear about what facts will be shown for sentencing yep can you see is that clear is that a question you can answer I don't have a case specifically on that okay but I believe that could be answered under the knowing involuntarily because I think that is a part of the whole picture of did he knowingly and voluntarily under rule 11 give a plea may I ask a question hopefully to try to simplify what I think is going on in this case as I understand it your client never intended to plead guilty to force and fraud right that is the central point he wanted to plead guilty to the 14 to 18 year old aspect but made clear this is not there's no force or fraud that he's pleading guilty to that is what the prosecutor presented to the district court and we're right but I'm just in terms of your client your client was fully ready and did in fact think he was thought process was because I did not handle the case at the trial level but according to the record he basically went before the district court and said he did not understand generally what he was pleading guilty to and that there was some confusion as your honor pointed out as to what the total offense level would have been okay but just without getting into offense levels and all that because I agree with you a non-lawyer and even lawyers can get all that confused just on a very simplified point though as I understood it your client obviously pled guilty to something he was ready to plead guilty avoid trial to something I'm trying to figure out what that is and as I understand it he was saying I plead guilty to 14 to 18 year old but I do not plead guilty to force or fraud is that fair or is that mistaken in the record mr. church sir that he really wasn't sure what he pled guilty to that is what he told the district court at the evidentiary hearing that's his statement yeah it got a little his lawyer started speaking and focused mostly on the force and then he did interject and it was a little more confused it's hard for me to say there's reversible error on car just because a defendant says I'm really not sure what I pled to because he signed it and he went through the confusion is the government's interjection orally and saying well he signed a plea agreement and we charged be one force but now I'm telling you no force and the other part of that but where if that's all it is where does that get your client because right he ends up 400 400 months consecutive on all four right and and even the consent so I guess I'm wondering it would seem to me that what your client doesn't want is a judgment and conviction saying he pled to forcibly trafficking minors but that would be something maybe given the government's brief we'll hear from them in a minute they would agree with you that we should modify the J&C to strike reference to be one is that really what you want that his criminal record doesn't reflect forcibly trafficking children actually at the district court level mr. Church and his lawyer argued that he did not he asserted his innocence of everything that was his argument at the district court level now you I mean the PSR is full of facts of violence especially against miss marks correct and the PSR states that but mr. mr. cars assertion is even before he gets to the citizen and the PSR that he was innocent altogether okay under the car factors right I'm just saying even let's imagine there was a lot of violence in this conspiracy it was forcible sex trafficking of children am I correct the government in you couldn't agree to just take a position that those facts don't exist so the probation department had to do its own independent analysis of the facts and if involves force wouldn't be be one apply no matter what you pled to that's what the probation department right that's what they did right and that's what the sentencing court did it said you know I find force I see force I think right but that goes back to mr. mr. cars confusion at the rule 11 hearing when the prosecutor interjected there you go on with your argument did you have more points or did you you think you sort of well I just wanted to add that under the car factors also if there was any delay in bringing the motion to withdraw his trial counsel argued that he had been away and had not actively been communicating with his client so we want to ask the court not to prejudice him in that regard and that it would not really inconvenience the government it would not have at the time inconvenience the government to to allow him to withdraw the complete the plea because the witnesses you want is back to square one he's facing trial all four counts possible life sentence that's what he wants mr. churches argument is that he is innocent of the charges and he'd you preserve time for a little thank you you've been in front of me before is it miss means miss maintenance thank you your honor may it please the court there are two issues that the government raised in its briefing one is the mr. churches appeal waiver is it valid and enforceable the answer is yes and the court really doesn't need to reach the second question which is did the district court act within its discretion in denying the defendants motion to withdraw there's really an overarching issue here though between both the appeal waiver and the motion withdraw and that's the voluntariness of the plea I don't think that the voluntariness of the pleas that at even remotely at play we wouldn't enforce an appeal waiver because the appeal waiver is a provision in the plea agreement your honor there are cases on that the published cases that the court has on that often deal with an assertion of ineffective assistance which is an exception to government misconduct and the confection of the plea maybe my colleagues have questions I'd love to hear your answer it's very unusual because the government suggested at rearrangement to orally modify the plea but the plea itself prohibits that so right there you've got a breach of the plea agreement do you disagree with that not necessarily your honor I'd have to think about that I final clause says there are no oral modifications and at rearrangement the government says we're going to modify what he pled to he pled to a b1 we charged to be one but we're telling you there is no force I will say the written plea I don't think that the intent was a modification the written plea reflected at least for counts 2 3 & 4 the substantive counts that it was a b2 then the AUSA gets in the case it also applies there's no force even as to and you charge force and he's the signed plea agreement was forced that's right so that's a modification yes so sorry no finish your point I was going to say we'll go ahead and reach beyond beyond the appeal waiver and I can talk about the actual challenge to the that's where we're going yes is it the government's position that mr. Church intended to plead guilty but intended to plead guilty only asked to the 14 to 18 year old and not as to force or fraud the party's I think the party's understanding was that he was pleading guilty to be to which is the right what is the I think what I'm hearing from opposing that was my understanding as well I think what I've heard from opposing counsel today is that in fact there was no such desire to plead guilty he was confused the entire time and he's always insisted on his innocence here's my question what is the best record evidence ROA site you could provide us that that mr. Church did in fact intend to plead guilty to the 14 to 18 and the only issue is just sticking in the b1 and from what I could tell Scrivener's error just accidentally stuck in b1 what is the best evidence that that was the that was mr. Church's understanding beyond the rearrangement transcript you can look at the sentencing transcript at the record is 603 and 615 major mr. Church's attorney says mr. Church is not maintaining his total innocence and then the attorney goes on to say he's disputing the characterizations in the PSR and then when mr. Church allocutes he says like my lawyer said I'm not innocent in this that's record at 617 on the next page he refers to his sex trafficking activities as quote a week of stupidity he is not asserting actual innocence when he was I'm sorry where is the personal that's at 615 the attorney statements are at 603 and 615 the mr. Church's statements are at 617 and 618 and 18 18 yes I guess before you even get to car right rule 11 D is what governs withdrawals and up to sentencing you can withdraw for any fair and just reason yes your honor so he's saying the fair and just reason he should have been able to withdraw is because he didn't do it with force and the government is now agreeing he didn't do it with force but he was charged having done it with force your honor I wouldn't characterize it as that what happened was mr. Church received the PSR he sees it says this is not what I was expecting and so he has a challenge to he has objections to the PSR the the probation officer used the wrong base offense level the probation offer officers assessed all these enhancements the probation officer and the district court gave him a level 34 because he pled to a beat one that's what it says in the guidelines yes your honor triggered by the plea and he pled to be one but you're the AUSA probably not you specifically said there isn't that trigger yes but but that still does not meet the car factors that that should have been an issue fleshed out at sentencing and and it was the frustrating thing I think here is for the court and frankly for me is that it was fleshed out very much in the motion to withdraw the plea the government says both in its response to the motion and at the hearing and we agree that the base offense level should be a 30 right but when you say it's frustrating it wasn't fleshed out of sentencing was the government's obligation to object to sentencing to the government should never have let this district judge apply force if it didn't think there was evidence to support it and there was no you're trying to invoke the appeal waiver to further insulate that's why I'm a little confused by the government's position here I understand your honor and I think that as the court suggested when a Pelley counsel was up that perhaps it requires a modification in the judgment but what it doesn't require is a reversal and a whole redo so I want to follow up on my record questions I see 606 17 618 he's definitely not claiming innocence yes your honor do you have so thank you for that my next record question is where do you have him agreeing that he wants to plead guilty to the 14 to 18 year old aspect but specifically not to force or fraud do you have that I do not have a site for that and what happens in at the rearrangement hearing your honor is that the prosecutor begins walking through the elements of the charge the second prosecutor steps in says I want to make clear b2 not b1 the defendant says he understands and then the court has the prosecutor go through the elements again a few pages later and I can get you the sites for those if you'd like and the defendant says yes I agree and when the prosecutor goes through the elements he says believe he says 14 to 18 under b2 but the defendant never says oh it's not b1 essentially what you have is the government is reciting this and into the record and churches agreeing that he's not innocent and that he is pleading guilty that is correct okay is that so given that essentially this entire mess is essentially as what I can tell a sloppy plea agreement that's stuck in the words b1 when it shouldn't have is the proper remedy severance in other words just sever the b1 part of it and be done with this case that's possibly a remedy yes your honor I haven't thought about that but we'll end up talking about this but think about it for a minute how would how do we sever would that be sent back then that's what I'm asking if the government has a position on this because you charged b1 it's in the indictment and then he signs a plea to it and there's then a sentence on it and yes I would need to get back to the court I mean the vision I have is essentially you know somebody copied and pasted from one document into the plea agreement and forgot to delete b1 yes if that's basically what happened here the question is what do we do about it this was the morning of trial the defendant decides to plea they're putting up together a plea agreement so that they can go before the court and likely it was a copying error if it was worth the only typo there's they refer to the refer the defendant as her and I mean it's just if nothing else this is sloppy not by you personally but sloppiness by the government I understand yes I've noticed that as well your honor does the government believe that we can enforce a plea agreement that everybody the that everybody misunderstood I think the plea agreement is enforceable potentially with a written modification which should have occurred well before it reached this court and I do think that the plea agreement ultimately what happened was he pled to b2 for the substantive counts b1 and b2 for the conspiracy which there's that was not the understanding and that was sentenced to life there's an error in the PSR because of the the base offense level but the error ends up being harmless at the end of the day because his guidelines range was so high and the sixth car factor is whether the plea was knowing and voluntary yes the Supreme Court has said the due process clause requires that please be knowing and voluntary so it seems that that factor of the several of all of them that factor ought to be entitled to the most weight right I certainly think it's one of the most important your honor yes I take it your point is it's a harmless violation if it's a violation that is right yes and that is that because he didn't tend to he as you say he was not claiming innocence quite the opposite he was admitting guilt he's just signing a document that is incorrect technically yes and I think the understanding and that that's what very much can be enforced as the understanding he is he is pleading to b2 to fork to three counts substantive counts b2 and a conspiracy count and the calculations would have hypothetically let's say we disagree what happens in the event that the plea is taken away and we're sounds like we're going to trial I think so is that you would find that the the plea is uninformed because of the error presumably is the government prepared to retry this case or not to retry to try you would we would try it yes witnesses are available most of them are available they'd certainly they've moved on with their lives I mean this was the offense was five years ago I believe now you know they were minor victims at the time we are in contact with most of them we would find them some of the co-defendants are still in jail but it would be very challenging I guess is what I'm getting why is that because we to gather everybody up to be again to pull pull co-defendants out me people's memories fade that part of our analysis whether it's challenging for you or not I mean one of the car factors is prejudice to the government and the extent of delay and so we're now we're not looking at a 10-month delay which was the original three questions and in fairness she's responding my questions counts two to four were only as to only as to be to correct that is correct do you know in any car law where I maybe it's the severance point where this appeal only relates to count one that we would vacate remand as to count one conspiracy but leave intact counts two to four the substantive counts are you urging that and do you have any law to allow us to do that I'm not urging it okay then this okay the second but you see my interest in it it seems to me this confusion related only to count one the second do knowing involuntary plea attaches to a guilt a penalty provision right any confusion he had as to be one or be two is purely a penalty enhancement the offense is 1591 a right B is by its own textual statement a penalty provision yes so part of what's confused me here is why are we applying car to a penalty in France in which the district court in the probation would be obliged to apply if there was violence in this conspiracy so the probably the closest case I could point you to right now and it's not in the briefs is United States versus Scott the record or the reporter site for it is 857 f3rd 241 it's a 2017 case from this court and it actually involved a claim of breach of the plea agreement and enforceability so some similar issues here they're the court held that the government is not obligated to provide the defendant with all the evidence to be used at sentencing it discusses the prosecutor's obligation obviously to protect an ongoing investigation and recognizes that the government has an obligation to overturn or to turn over all evidence to probation okay I'll look at it but are you arguing to us that even if there was confusion it had nothing to do with what he pled guilty to the offense yes your confusion centers around this base offense level issue I mean that's when okay so you're saying car is inapplicable together I mean there's a car claim but ultimately it what's what there's there's a car claim yes excuse me but what's really the issue is a sentencing calculation error I didn't see that clear in your brief I understand the car has nothing to do with the issue before us yes but I think that's really the focus of 30 versus 34 my last question is when you adopted that maybe you're making a harmlessness argument can an error as to withdrawing a guilty plea ever be harmless under rule 11 H in other words the person who wants to go to trial how could how could an error on rule 11 D whether you can withdraw or not ever be harmless I think in this case it can because if you look at the relief requested by the defendant in his motion to withdraw it was either withdrawal of the plea or specific performance from the government ie we want the government to advocate for a base offense level of 30 if you look back at that that motion on the last page that's what they're advocating for and that's where the harmlessness analysis would apply because the relief they requested was not oh I want to go to trial at that time it was I either want to go to trial or I want to base offense level of 30 and ultimately the base offense level of 30 doesn't change the calculus for sentencing can I follow up on one of Judge Higgins's earlier questions as I think I understand the issue count one is the only thing at issue here right that's that's the only one that has b1 so we still have two three four pardon me because I should know the answer to this if let's say count one just went away and the only all that's left is a plea of guilty to three and four what what does that do the sentence it shouldn't do anything there was a well so we'll just use that they'll calculate out to the same it'll be a base fence level of 30 instead of 34 so 33 and a half 33 and a third years and he would also lose the severance of just count one altogether would be assuming that's right there's lateral consequences of now having a b1 on his record yeah yes yes to the extent it's any different from having what's forcibly forcibly but I mean they're all awful but that's more that's more it is it is a more serious penalty as you've noted yes but and then I believe one other thing I'd like to note is that because it was a conspiracy charge there was a plus three for the three pseudo counts so that would go away but you would still be way above an offense level of 43 so there's there are some changes that would happen right so the sentence would presumably stay the same that the prison term but there would be these collateral aspects once the judgment were to be corrected along these lines with the court like me to address any of the car factors further or any other questions if not I'll take a seat Thank You counsel thank you argument I think the main issue here is that under rule 11 and under the Supreme Court precedent a defendant ought to know what he's pleading guilty to if he's pleading guilty at all and when the prosecutor here inserted b1 versus b2 it lended to confusion and whether mr. mr. I'm just gonna test that a little bit your client definitely knew he was charged with b1 and he signs a b1 plea the only thing that happens is the government does something the plea doesn't allow the government to do it interjects orally to your clients benefit and says we don't think this is a forced case so I'm still a little unsure that that meant he had he gets to undo what he signed that he did we contend that based upon the record he did not understand fully because of that and the lack of being violent volunteer a voluntary plea you agree with me the police says anything anyone says orally has no effect on the plea so he knew that his counsel knew it the district court probably that's why the district court just ignored the government but his argument is that he did he didn't understand it despite of what the plea I think his argument has to be he had understood it he signed to the more serious offense but that little remark suddenly made him unsure is that what he's arguing yes and I believe that based upon rule 11 this court should allow mr. Church to make the decision as to whether he wants to replete or go to trial as to all the counts yes even though the second third and fourth have nothing to do with b1 well I think that the confusion probably applies to the entire plea agreement for mr. Church if the government had never interjected will we be here probably not thank you for you don't you got a little more time I'm just thinking hard about this because so really you the relief you want is he gets back to square one he doesn't get the downward departure he's now exposed to life they've got the evidence they've got me someone negotiated a plea he signed that plea the only issue is a sentencing provision which I'm still confused I think he'd probably have to get anyway if the force is in the record I've spoken to my client okay that that is his that's all you need to say if you spoke to him in his position is that he wants to try to however I would like to add that post this argument I would ask the court to give me more time to well that makes sense yes you've heard us you've heard us inquiring yes you've heard me inquiring about whether relief might be both parties want us to exercise our authority statutorily to modify the JNC so it would reflect that count one was not with force that might be a possibility so you want more time to talk to your client and the government if I might if I might add that that we're discussing now troubled me up to the argument to the oral argument and I did everything that I possibly could to communicate effectively but because of the coronavirus issues and where he's it just fell apart it took me I can't tell the court how much time to even get a phone call a limited phone call with my client we'll stay one second wonderful thank you you've both been very helpful and appreciate being court-appointed very much for your work well I think what's likely to happen is you'll you'll receive a call from the mediation attorney with our counsel that will assist you and find out what other time if there's any reason for discussions among the parties and that'll give you time to talk to your client so no decision will issue until we hear back from you okay the case is adjourned thank you very much